BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
701 B Street, Suite 1700
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

SIPRUT PC
JOSEPH J. SIPRUT (IL 6279813)
RICHARD L. MILLER II (IL 6243507)
RICHARD S. WILSON (IL 6321743)
17 North State Street, Ste. 1600
Chicago, IL  60602
Tel: 312/236-0000
312/878-1342 (fax)
jsiprut@siprut.com
rmiller@siprut.com
rwilson@siprut.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HINE, on Behalf of Himself and All Others Similarly Situated,, <br><br> Plaintiff, <br><br> v. <br><br> SCOTTRADE, INC., and DOES 1 through 25, inclusive,, <br><br> Defendants. | Case No. 3:16-cv-02787-JM-JLB <br><br> **CLASS ACTION** <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** <br><br> Date:          January 6, 2017 <br> Time:          1:00 p.m. <br> District Judge:   Jeffrey T. Miller <br> Courtroom:     5D,5th Fl.-Schwartz <br><br> Complaint Filed:  October 3, 2015 <br> Trial Date:      Not Set <br><br> **JURY TRIAL DEMANDED** |

BLOOD HURST & O'REARDON, LLP

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ................................ 2

III.  THE CASE MUST BE REMANDED ................................................ 2

IV.  PLAINTIFF SHOULD BE AWARDED ATTORNEYS' FEES ................ 4

V.  CONCLUSION ............................................................................. 5

BLOOD HURST & O'REARDON, LLP

00112153

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

1   Plaintiff Stephen Hine ("Plaintiff") respectfully submits this memorandum
2   in support of his motion to remand this action to the San Diego County Superior
3   Court.

4   ## I.    INTRODUCTION

5   A federal court can only hear a case if it has subject matter jurisdiction.
6   Article III standing provides subject matter jurisdiction. If Article III standing
7   does not exist, the federal court must remand the case. Remand is mandatory,
8   even for cases removed pursuant to the Class Action Fairness Act ("CAFA").

9   The parties here agree that Plaintiff does not have Article III standing. This
10  issue was previously raised by defendant Scottrade, Inc. ("Scottrade") and
11  decided in Scottrade's favor by the Eastern District of Missouri in a prior action.
12  Indeed, Scottrade's success in arguing Plaintiff lacks Article III standing is the
13  very reason Plaintiff filed this action in state court. Scottrade even concedes that
14  the dismissal order entered in the Eastern District of Missouri – which is limited
15  solely to the standing issue, and not any substantive issue, as Scottrade
16  misleadingly implies in its removal papers – has a "res judicata" effect on this
17  case. ECF No. 1 at 3.

18  Due to the "res judicata" effect, absent some new facts alleged by Plaintiff
19  in the current complaint giving rise to Article III standing, this Court lacks
20  subject matter jurisdiction. Scottrade concedes that Plaintiff's current complaint
21  is the same as the complaint that was the basis of the prior dismissal order. *Id.*
22  Accordingly, the Court lacks subject matter jurisdiction and must remand the
23  action.

24  In granting Plaintiff's motion, the Court should award Plaintiff attorneys'
25  fees pursuant to 28 U.S.C. §1447(c).

26  ///
27  ///
28  ///

BLOOD HURST & O'REARDON, LLP

00112153

1    Case No. 3:16-cv-02787-JM-JLB

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This is a data breach case. Plaintiff alleges Scottrade failed to live up to its customers' reasonable expectations and its contractual obligations to adequately safeguard confidential financial and other personal information ("PII"). As a result, from about September 2013 to about February 2014, hackers were able to access and export Plaintiff's and Class members' PII (the "Data Breach"). Plaintiff brings this action on behalf of himself and persons whose PII was disclosed as a result of the Data Breach.

On October 3, 2015, Plaintiff filed his original complaint in this Court. Several other complaints were filed around the same time by other plaintiffs. On December 30, 2015, Plaintiff's case was transferred to the Eastern District of Missouri where other related cases were pending. On February 19, 2016, the plaintiffs jointly filed a consolidated complaint. On March 21, 2016, Scottrade moved to dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

Magistrate Judge Shirley Mensah of the Eastern District of Missouri granted Scottrade's Rule 12(b)(1) motion and declined to rule on the merits of the Rule 12(b)(6) motion. Declaration of Timothy G. Blood in Support of Plaintiff's Motion to Remand ("Blood Decl."), Ex. A ("Order") at 18-19. In ruling on the Rule 12(b)(1) motion, Judge Mensah found "Plaintiffs have failed to plead facts demonstrating that they have suffered any injury in fact" under Article III and dismissed the actions without prejudice. *Id.* at 18. Given the court's ruling, Plaintiff opted not to amend his pleadings, and instead re-filed his case in California state court where Article III does not apply.

## III.    THE CASE MUST BE REMANDED

On a motion to remand, the removing defendant shoulders the burden of demonstrating that federal jurisdiction lies in the case. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). "[A]ny doubt about the right of removal

Case No. 3:16-cv-02787-JM-JLB

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

00112153

1    requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*,
2    553 F.3d 1241, 1244 (9th Cir. 2009).

3         "No motion, timely or otherwise, is necessary [for defects in subject matter
4    jurisdiction]: ultimate responsibility to ensure jurisdiction lies with the district
5    court." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). If a
6    district court lacks subject matter jurisdiction because Article III is not satisfied,
7    the case "shall be remanded." 28 U.S.C. §1447(c).

8         This is true even where the procedural requirements of CAFA have been
9    satisfied for removal. *Polo*, 833 F.3d at 1196. In *Polo* the Ninth Circuit held,
10   "[t]he rule that a removed case in which the plaintiff lacks Article III standing
11   must be remanded to state court under §1447(c) applies as well to a case
12   removed pursuant to CAFA as to any other type of removed case." *Id.*

13        Here, on Scottrade's Rule 12(b)(1) motion, Judge Mensah previously
14   found Plaintiff lacks Article III standing. Order at 18. Plaintiff does not allege
15   any new facts that would change this ruling.

16        In fact, Scottrade concedes that the current complaint is not materially
17   different from the consolidated complaint upon which Judge Mensah's dismissal
18   order was based. Scottrade states in its removal papers: "With the exception of a
19   few additional sentences, the allegations in the instant class action Complaint are
20   identical to those in the consolidated complaint that was dismissed with prejudice
21   in the Eastern District of Missouri." ECF No. 1 at 3.

22        Scottrade also concedes that Judge Mensah's dismissal order has "res
23   judicata" effect. *Id.* Plaintiff agrees – Judge Mensah's findings regarding Article
24   III are binding on this Court and cannot be re-litigated. Without Article III
25   standing, this Court does not have subject matter jurisdiction.

26        Pursuant to Section 1447(c) and *Polo*, the Court must remand the action
27   back to San Diego County Superior Court.

28

BLOOD HURST & O'REARDON, LLP

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

BLOOD HURST & O'REARDON, LLP

## IV.    PLAINTIFF SHOULD BE AWARDED ATTORNEYS' FEES

Section 1447(c) permits a court to issue a remand order that also "require[s] payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). "An award of attorney's fees pursuant to section 1447(c), . . . is within the discretion of the district court, and bad faith need not be demonstrated." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992).

Here, an award of attorneys' fees to Plaintiff related to filing this motion is justified because Scottrade filed its removal knowing that this Court does not have jurisdiction. "[W]hen federal jurisdiction is absent from the commencement of a case, a putative class action is not properly removed [pursuant to CAFA]. . . ." *Polo*, 833 F.3d at 1197 (citation omitted).

Indeed, it was Scottrade that successfully moved pursuant to Rule 12(b)(1) to dismiss Plaintiff's prior case for lack of subject matter jurisdiction. Scottrade was well aware that federal jurisdiction was lacking when it filed its removal papers. However, in describing Judge Mensah's dismissal order, Scottrade fails to inform this Court that Judge Mensah dismissed based on Rule 12(b)(1) for lack of subject matter jurisdiction. Instead, Scottrade misleadingly suggests that the dismissal was on the merits and with prejudice. ECF No. 1 at 3.

As discussed above, that is simply not true. The Court does not have jurisdiction and Scottrade knows it.

Accordingly, the Court should award attorneys' fees to Plaintiff in the amount of $2,310.00 for his counsel's time in filing this motion, plus any additional amount spent filing a reply should one need to be filed.

///

///

///

///

00112153

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion, remand this case back to San Diego Superior Court, and award Plaintiff attorneys' fees.

Respectfully submitted,

Dated: November 21, 2016

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)

By:      *s/  Timothy G. Blood*
      TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

SIPRUT PC
JOSEPH J. SIPRUT (IL 6279813)
RICHARD L. MILLER II (IL 6243507)
RICHARD S. WILSON (IL 6321743)
17 North State Street, Ste. 1600
Chicago, IL  60602
Tel: 312/236-0000
312/878-1342 (fax)
jsiprut@siprut.com
rmiller@siprut.com
rwilson@siprut.com

*Attorneys for Plaintiff*

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

BLOOD HURST & O'REARDON, LLP

00112153

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 21, 2016.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BLOOD HURST & O'REARDON, LLP

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

00112153