BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

SIPRUT PC
JOSEPH J. SIPRUT (IL 6279813)
RICHARD L. MILLER II (IL 6243507)
RICHARD S. WILSON (IL 6321743)
17 North State Street, Ste. 1600
Chicago, IL 60602
Tel: 312/236-0000
312/878-1342 (fax)
jsiprut@siprut.com
rmiller@siprut.com
rwilson@siprut.com

[Additional counsel appear on signature page]

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HINE, on Behalf of Himself and All Others Similarly Situated,, <br><br> Plaintiff, <br><br> v. <br><br> SCOTTRADE, INC., and DOES 1 through 25, inclusive,, <br><br> Defendants. | Case No. 3:16-cv-02787-JM-JLB <br><br> **CLASS ACTION** <br><br> **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** <br><br> Date: January 6, 2017 <br> Time: 1:00 p.m. <br> District Judge: Jeffrey T. Miller <br> Courtroom: 5D,5th Fl.-Schwartz <br><br> Magistrate Judge: Jill L. Burkhardt <br> Coujrtroom: Suite 5140-Schwartz <br><br> Complaint Filed: October 3, 2015 <br> Trial Date: Not Set <br><br> **JURY TRIAL DEMANDED** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................ 1

II. REMAND IS REQUIRED .................................................................................. 2

    A. The Court Does Not Have Discretion to Dismiss Rather Than Remand ........................................................................................................ 2

    B. Even So, Remand is Not Futile ......................................................................... 3

    C. Missouri Law Does Not Apply But Results in the Same Outcome ..................................................................................................... 3

III. SCOTTRADE'S ALTERNATIVE MOTION TO STAY SHOULD BE DENIED ..................................................................................................... 6

IV. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES ............................... 8

V. CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adoma v. Univ. of Phoenix, Inc.*,
   711 F. Supp. 2d 1142 (E.D. Cal. 2010) ............................................................. 8

*Bugg v. Rutter*,
   330 S.W.3d 148 (Mo. Ct. App. 2010) ........................................................... 4, 5

*Charron v. State*,
   257 S.W.3d 147 (Mo. Ct. App. 2008) ............................................................... 4

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ............................................................................. 6

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   No. 08cv1987-GPC MDD, 2013 U.S. Dist. LEXIS 53663
   (S.D. Cal. April 15, 2013) ................................................................................. 8

*Costantini v. Trans World Airlines*,
   681 F.2d 1199 (9th Cir. 1982) ........................................................................... 3

*Heller v. Aldi, Inc.*,
   851 S.W.2d 82 (Mo. Ct. App. 1993) ................................................................. 4

*Hill v. Vanderbilt Capital Advisors, LLC*,
   702 F.3d 1220 (10th Cir. 2012) ......................................................................... 2

*In re Incretin-Based Therapies Prod. Liab. Litig.*,
   No. 13MD2452 AJB (MDD), 2014 U.S. Dist. LEXIS 151768
   (S.D. Cal. Oct. 23, 2014) ................................................................................... 8

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*,
   500 U.S. 72 (1991) ......................................................................................... 1, 2

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
   787 F.3d 1237 (9th Cir. 2015) ........................................................................... 8

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ...................................................................................... 6, 7

*Levi v. Aerotek, Inc.*,
   374 F. App'x 679 (8th Cir. 2010) ...................................................................... 5

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) .................................................................................. 6, 7

*Lussier v. Dollar Tree Stores, Inc.*,
   518 F.3d 1062 (9th Cir. 2008) ........................................................................................ 9

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005) ........................................................................................................ 8

*McGrath v. Home Depot USA, Inc.*,
   298 F.R.D. 601 (S.D. Cal. 2014) .................................................................................. 10

*Mycogen Corp. v. Monsanto Co.*,
   28 Cal. 4th 888 (2002) .................................................................................................... 3

*Coyne ex rel. Ohio v. Am. Tobacco Co.*,
   183 F.3d 488 (6th Cir. 1994) .......................................................................................... 2

*Patel v. Del Taco, Inc.*,
   446 F.3d 996 (9th Cir. 2006) .......................................................................................... 9

*Polo v. Innoventions Int'l, LLC*,
   833 F.3d 1193 (9th Cir. 2016) .................................................................................. 2, 9

*Rice v. Taylor-Morley-Simon, Inc.*,
   842 S.W.2d 926 (Mo. Ct. App. 1992) ............................................................................ 5

*Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*,
   824 F.3d 1161 (9th Cir. 2016) ........................................................................................ 3

*Salazar v. Honest Tea, Inc.*,
   No. 2:13-cv-02318-KJM-EFB, 2015 U.S. Dist. LEXIS 146357
   (E.D. Cal. Oct. 27, 2015) ................................................................................................ 7

*Seldomnridge v. Gen. Mills Operations, Inc.*,
   140 S.W.3d 58 (Mo. Ct. App. 2004) .............................................................................. 4

*Teitelbaum Furs, Inc. v. Dominion Ins. Co.*,
   58 Cal. 2d 601 (1962) ...................................................................................................... 3

*Wheeler v. Travelers Ins. Co.*,
   22 F.3d 534 (3d Cir. 1994) .............................................................................................. 2

*Williams v. Rape*,
   990 S.W.2d 55 (Mo. Ct. App. 1999) .............................................................................. 5

*WMX Techs. v. Miller*,
 104 F.3d 1133 (9th Cir. 1997) ................................................................................ 4

**Statutes, Rules and Regulatikons**

U.S. Const. art III ............................................................................................................. 2

28 U.S.C. §1332(d) ................................................................................................. 7, 8, 9

28 U.S.C. §1447(c) ................................................................................................. 1, 2, 8

Fed. R. Civ. P. 12(b)(1) ................................................................................................... 4

Miss. S. Ct. R. 67.01 .................................................................................................... 4, 5

**Secondary Authority**

Restatement (Second) of Judgments §20(1) (1982) ....................................................... 3

## I. INTRODUCTION

The parties agree that Plaintiff does not have federal subject matter jurisdiction. Pursuant to Section 1447(c), the case "shall be remanded." Because Scottrade knew this Court did not have jurisdiction when it filed its removal papers, Plaintiff is also entitled to attorneys' fees.

The language of Section 1447(c) provides "no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (citation omitted). Nonetheless, Scottrade makes the convoluted argument that under Missouri law, Plaintiff's claims are barred by the dismissal for lack of subject matter jurisdiction in *Duqum*, and thus, if this case were remanded it would be dismissed on res judicata grounds. Scottrade asks the Court to dismiss the case on this basis rather than remand it.

First, Missouri law is completely irrelevant. As a federal court siting in diversity, this Court applies California law – the law of the state in which it sits. Under California law, res judicata only applies when there is a prior judgment on the merits and a dismissal for lack of subject matter jurisdiction is not a judgment on the merits. Accordingly, neither this Court nor a California state court with proper jurisdiction could dismiss on res judicata grounds.

Second, even if Missouri law somehow applied, the result would be the same. Under Missouri law, a final judgment on the merits is required for res judicata to apply. Missouri treats dismissals for lack of subject matter jurisdiction as dismissals without prejudice and not judgments on the merits for purposes of res judicata.

Finally, Scottrade's alternative motion to stay should be denied. Scottrade seeks a stay pending resolution by the Eighth Circuit on an appeal by a different plaintiff on the subject matter jurisdiction issue. The Court can only stay the case if it has proper jurisdiction. It does not. Even if it did, a stay would simply act to prejudice Plaintiff and unnecessarily delay adjudication of the merits of the case.

Plaintiff's motion should be granted in its entirety.

## II.     REMAND IS REQUIRED

### A.     The Court Does Not Have Discretion to Dismiss Rather Than Remand

The Supreme Court has made clear that "the literal words of § 1447(c), [] on their face, give no discretion to dismiss rather than remand an action." *Int'l Primate*, 500 U.S. at 89 (citations omitted). Accordingly, a number of Circuit Courts have expressly rejected the remand futility doctrine. *See*, *e.g.*, *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1225-26 (10th Cir. 2012); *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1994); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3d Cir. 1994).

Scottrade cites *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193 (9th Cir. 2016) and claims that it affirms the futility doctrine. Opp. at 7. It does not.

Rather, the *Polo* court recognized that the futility doctrine "may no longer be good law." *Id*. at 1197. However, because the plaintiff in *Polo* did not argue that the futility doctrine no longer applied, the court declined to do so *sua sponte*. *Id*. at 1198. Instead, the *Polo* court found that "even if it remains good law, remand would not be futile" in that case. *Id.*

Under the futility doctrine (if it applies), "only when the eventual outcome of a case after remand is so clear as to be foreordained" may a court dismiss rather than remand. *Id.* at 1198. Because the plaintiff in *Polo* could establish standing in California state court apart from Article III standing that she could not establish in federal court, "the district court should have remanded th[e] case to state court pursuant to 28 U.S.C. § 1447(c)."

Here, Plaintiff contends that the futility doctrine does not apply in light of *Int'l Primate*. Nonetheless, as explained below, remand is not futile. The only thing that is "foreordained" is that a California state court applying California law, would not and could not dismiss this action on res judicata grounds.

### B.     Even So, Remand is Not Futile

Scottrade argues that remand is futile and thus, the Court should dismiss rather than remand, because Plaintiff's claims are barred by the *Duqum* dismissal. Scottrade is wrong.

A judgment on the merits is required for res judicata to apply. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). Dismissal for lack of jurisdiction is not a judgment on the merits and thus, has no preclusive effect. *See Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (dismissal for lack of personal jurisdiction "is *not* a judgment 'on the merits' for the purpose of res judicata") (emphasis in original); *Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58 Cal. 2d 601, 604 (1962) (a judgment will have res judicata effect only if the court has appropriate jurisdiction); Restatement (Second) of Judgments §20(1) (1982) ("A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim: (a) When the judgment is one of dismissal for lack of jurisdiction . . . .").

That a case is dismissed "with prejudice" does not change the analysis. "[T]he 'with prejudice' label is not always conclusive for the purpose of res judicata and, indeed, does not equate to an adjudication on the merits when the dismissal is for lack of jurisdiction." *Ruiz*, 824 F.3d at 1168.

Judge Mensah's dismissal in *Duqum* for lack of subject matter jurisdiction is not a judgment on the merits and thus, res judicata does not apply. *See Ruiz*, 824 F.3d at 1164.

### C.     Missouri Law Does Not Apply But Results in the Same Outcome

For unknown reasons, Scottrade asks this Court to apply Missouri law. Opp. at 4. Scottrade contends that under Missouri law dismissal need not be on the merits for res judicata to apply. *Id*. Scottrade is wrong again.

Missouri law does not apply. "[A] federal court sitting in diversity must apply the res judicata law of the state in which it sits." *Costantini v. Trans World*

*Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). This Court sits in California and thus, California law applies. Under California law, Plaintiff's claims are not barred by res judicata.

Even under Missouri law the outcome is the same. Res judicata only applies if the prior judgment "was entered by a court of competent jurisdiction" and "constituted a final judgment on the merits." *Bugg v. Rutter*, 330 S.W.3d 148, 153 (Mo. Ct. App. 2010). Just as in California, dismissal for lack of subject matter jurisdiction "is a preliminary determination of the court's power to act which is not a decision on the merits with res judicata affect." *Heller v. Aldi, Inc.*, 851 S.W.2d 82, 84 (Mo. Ct. App. 1993).

Scottrade argues that Missouri Supreme Court Rule 67.01, which provides that "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the party," somehow bars Plaintiff's claims because *Duqum* was dismissed with prejudice, even though it was not adjudicated on the merits. Opp. at 5.

Missouri rules have no application to this case. This case was dismissed in federal court pursuant to Fed. R. Civ. P. 12(b)(1). Dismissal with prejudice was only required under federal rules to trigger the opportunity to appeal the *Duqum* Order. *See WMX Techs. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997). It was not intended to block Plaintiff from bringing his suit in a court with appropriate jurisdiction.

Even so, Missouri treats dismissals for lack of subject matter jurisdiction as decisions without preclusive effect. In *Seldomridge v. Gen. Mills Operations, Inc.*, 140 S.W.3d 58 (Mo. Ct. App. 2004), the court held that "[a] dismissal for lack of subject matter jurisdiction must be without prejudice because the court has no authority to decide the case on the merits." *Id*. at 63-64; *see also Charron v. State*, 257 S.W.3d 147, 155 (Mo. Ct. App. 2008) (reversing trial court and modifying dismissal for lack of subject matter jurisdiction to one without

1  prejudice). Thus, not surprisingly, Missouri rules treat a dismissal for lack of subject matter jurisdiction as one without prejudice.

That is because, like in California, Missouri requires that a court have proper jurisdiction before res judicata can take effect either because the case was dismissed on the merits or under Missouri Rule 67.01. *Bugg*, 330 S.W.3d at 153 (requiring judgment by "court of competent jurisdiction").

Indeed, none of the cases cited by Scottrade dealt with dismissals for lack of subject matter jurisdiction. Opp. at 5-6.

In *Williams v. Rape*, 990 S.W.2d 55 (Mo. Ct. App. 1999), the court affirmed dismissal of plaintiffs' fifth lawsuit based on dismissal with prejudice of the fourth lawsuit under Missouri Rule 67.01. However, the dismissal of the fourth lawsuit was based on the grant of defendants' motion for summary judgment of the third lawsuit on the merits. *Id*. at 56, 62. *Williams* had nothing to do with dismissals for lack of subject matter jurisdiction.

Similarly, in *Rice v. Taylor-Morley-Simon, Inc.*, 842 S.W.2d 926 (Mo. Ct. App. 1992), plaintiffs' original case was "litigated" and defendant "secured a judgment against plaintiffs." *Id*. at 927. Plaintiffs' subsequent suit on the same grounds was thus, properly dismissed. *Id*. at 929. And, in *Levi v. Aerotek, Inc.*, 374 F. App'x 679 (8th Cir. 2010), the court affirmed dismissal on res judicata grounds because the prior court had appropriate jurisdiction to decide the claims on the merits. *Id*. at 680.

Here, by contrast, Scottrade successfully contested the *Duqum* court's jurisdiction. Thus, the *Duqum* court did not decide anything on the merits and was not an appropriate court to do so.

This case must be remanded back to California state court where it can be decided on the merits.

///

///

### III. SCOTTRADE'S ALTERNATIVE MOTION TO STAY SHOULD BE DENIED

The Court should also deny Scottrade's motion to stay this case pending resolution by the Eighth Circuit in *Duqum*. Opp. at 8. Because the Court does not have jurisdiction, it cannot issue a stay. It can only remand the case.

But even it if it did, a stay is inappropriate. *Duqum* is on appeal because Scottrade successfully argued the federal courts lack jurisdiction to hear this matter. Scottrade should be estopped from now arguing a federal court should stay a case that, according to Scottrade, is properly in state court. Further, *Duqum* is a different case asserting different claims on behalf of a different group of people (it is limited to a California class and asserts California state law claims not at issue in the Eighth Circuit appeal). This case is no longer consolidated with *Duqum* – plaintiffs tried that, but Scottrade chose to argue the cases do not belong in federal court. Therefore, this case properly remains a separate California state court action.

Further, the formal balancing test also compels denial of the stay request. Under the balancing test, the Court considers "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequality which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In balancing these interests, a stay is not warranted.

Scottrade has already bought itself a lot of delay since this case was filed. More delay is unwarranted. If Plaintiff's allegations are true, Scottrade will continue to inadequately protect its customers' information and Plaintiff's and Class members' will remain at risk of identity theft and fraud. Such requested relief weighs against granting the stay. *See Lockyer v. Mirant Corp.*, 398 F.3d

1098, 1112 (9th Cir. 2005) (finding stay inappropriate where damages and "injunctive relief against ongoing and future harm" is sought).

Additionally, the longer Plaintiff is forced to wait to litigate his case, the more likely it is that witness memories will fade and discovery will be unavailable. Unnecessarily "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 U.S. Dist. LEXIS 146357, at *4 (E.D. Cal. Oct. 27, 2015).

In contrast, Scottrade cannot articulate any hardship or inequality that it will suffer if this case proceeds. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequality within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112 (citation omitted).

Nor will denying a stay result in inconsistent judgment. If the Eighth Circuit decides in favor of Scottrade and affirms the *Duqum* Order on subject matter jurisdiction, then it simply confirms that California state court is the correct court in which Plaintiff should bring his claims. If Plaintiff is able to litigate until that decision is made, no harm to Scottrade occurs.

Similarly, if the Eighth Circuit reverses the *Duqum* Order and finds there is federal jurisdiction, Plaintiff's case is still appropriately in California state court. Waiting for a decision on subject matter jurisdiction only works to delay litigation of this case on the merits and prejudices Plaintiff.

Additionally, denying a stay will not prejudice Scottrade by "den[ying] its right to a federal forum under CAFA . . . ." Opp. at 10. But Scottrade already made the decision to contest federal jurisdiction and won. It cannot have its cake and eat it too. Plaintiff should be able to proceed with his case in a court of appropriate jurisdiction – California state court.

///

///

This case is unlike those cited by Scottrade. Opp. at 8-9. In *CollegeSource, Inc. v. AcademyOne, Inc.*, No. 08cv1987-GPC MDD, 2013 U.S. Dist. LEXIS 53663 (S.D. Cal. April 15, 2013) the court stayed the case because the issues on appeal concerning a prior grant of defendant's motion for summary judgment directly impacted whether plaintiff's case could proceed on the merits. *Id*. at *8. And, in *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2014 U.S. Dist. LEXIS 151768, at *230 (S.D. Cal. Oct. 23, 2014) the issues before the appellate court and district court regarding application of CAFA were the same.

Resolution of the subject matter jurisdiction issue before the Eighth Circuit will have no impact on the merits of Plaintiff's case and will not divest the California state court of jurisdiction. Granting the stay will only delay the litigation.

For the same reason, a stay under the "first to file" rule is not appropriate. Opp at 11 n4. The first to file rule applies "to maximize economy, consistency, and comity." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citation omitted). However, the "fairness considerations and equitable concerns could bar application of the rule." *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010). Indeed, where a plaintiff and the class would be prejudiced and judicial resources not conserved, a stay based on the first to file rule is inappropriate. *Id*.

This Court does not have jurisdiction to grant a stay and a stay is inappropriate.

**IV.   PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES**

Plaintiff's request for attorney's fees is not based on an outdated standard. Opp. at 11. As Scottrade concedes, "courts may award attorney's fees under § 1447(c) only where the removing party **lacked an objectively reasonable basis** for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

(2005) (emphasis added); Opp. at 11 (citing same).

For example, in *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006), the Ninth Circuit found that removal based on the supplemental jurisdiction statute was "frivolous" where the supplemental jurisdiction statute did not provide a basis for removal and no other ground existed.

Scottrade did not have "an objectively reasonable basis for seeking removal." Although Scottrade may have satisfied the procedural requirements for CAFA, the law is clear that a federal court must also have subject matter jurisdiction. Scottrade knew when it filed its removal papers that this Court did not have subject matter jurisdiction.

*Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062 (9th Cir. 2008) does not help Scottrade. In *Lussier,* defendant sought removal "under a new statute whose meaning had not yet been fleshed out." *Id*. at 1066. The issue on the motion to remand, thus, "was one of first impression" and defendant's arguments in favor of removal "were not otherwise clearly foreclosed." *Id*. at 1067.

The opposite is true here. Prior to Scottrade filing its removal papers, the Ninth Circuit in *Polo* found that even though a case may meet the requirements of CAFA for removal, the federal court must also have subject matter jurisdiction. 833 F.3d at 1196. In fact, the *Polo* court expressly stated that despite CAFA, if no subject matter jurisdiction exists, "[n]o motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court." *Id*. Scottrade had successfully contested federal subject matter jurisdiction and thus, knew, prior to filing its removal papers, that this Court would be required to remand the case.

Scottrade's remand futility arguments also do not provide "an objectively reasonable basis for seeking removal." California law is clear: there is no res judicata without a final judgment on the merits and dismissal for lack of subject matter jurisdiction is not a final judgment on the merits. Similarly, although

Missouri law does not apply, the law is the same.

*McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 611 (S.D. Cal. 2014), cited by Scottrade, actually helps Plaintiff. Opp. at 12. In *McGrath*, defendant moved to dismiss for lack of subject matter jurisdiction and on the merits. 298 F.R.D. at 603. After finding that plaintiff lacked subject matter jurisdiction, the court declined to rule on the merits and instead, remanded the action. *Id*. at 611. In so doing, the *McGrath* court noted that plaintiff is entitled to have the case decided on the merits in state court – the court with proper jurisdiction. *Id.*

The same is true here. Scottrade previously moved to dismiss for lack of federal jurisdiction and won. Accordingly, Plaintiff filed his case in a court with appropriate jurisdiction and is entitled to have it decided by that court on the merits.

Scottrade had no objectively reasonable basis for removing this case. The Court should award Plaintiff attorneys' fees in the amount of $3,850.00 for the time spent drafting and filing the motion to remand and all supporting papers.[1]

## V. CONCLUSION

For the foregoing reasons and those stated in Plaintiff's opening memorandum, Plaintiff's Motion to Remand should be granted in its entirety.

Respectfully submitted,

Dated: December 29, 2016

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)

By: *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101

---

[1] Plaintiff seeks $2310.00 in attorney's fees for drafting and filing the motion to remand (Dkt. 004 at 4) and $1,540.00 for drafting and filing this reply, for a total of $3,850.

Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

SIPRUT PC
JOSEPH J. SIPRUT (IL 6279813)
RICHARD L. MILLER II (IL 6243507)
RICHARD S. WILSON (IL 6321743)
17 North State Street, Ste. 1600
Chicago, IL  60602
Tel: 312/236-0000
312/878-1342 (fax)
jsiprut@siprut.com
rmiller@siprut.com
rwilson@siprut.com

COHELAN KHOURY & SINGER
TIMOTHY D. COHELAN (60827)
JASON J. HILL (179630)
605 C Street, Suite 200
San Diego, CA  92101
Tel: 619/595-3001
619/595-3000 (fax)
tcohelan@ckslaw.com
jhill@ckslaw.com

*Attorneys for Plaintiff*

BLOOD HURST & O'REARDON, LLP

00114146

11    Case No. 3:16-cv-02787-JM-JLB
REPLY IN SUPPORT OF MOTION TO REMAND

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 29, 2016.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com