UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HINE, on behalf of himself and all others similarly situated,<br><br>                                Plaintiff,<br><br>v.<br><br>SCOTTRADE, INC.,<br><br>                                Defendant. | Case No.: 16cv2787 JM (JLB)<br><br>**ORDER REMANDING CASE** |

      Before the court are Plaintiff Stephen Hine's motion to remand, (Doc. No. 4), and Defendant Scottrade, Inc.'s motion to dismiss or stay, (Doc No. 3). The court finds these matters appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1). For the following reasons, the court grants Plaintiff Hine's motion to remand and denies Defendant Scottrade's motion to dismiss as moot.

## BACKGROUND

      On October 3, 2015, Hine filed a putative class action against Scottrade in the United States District Court for the Southern District of California. (Hine v. Scottrade, Inc., No. 3:15-cv-2213 W (JMA) (S.D. Cal. Oct. 3, 2015) at Doc. No. 1.) The case was transferred to the Eastern District of Missouri on December 30, 2015. (Id. at Doc. No. 18.)

The Eastern District of Missouri consolidated Hine's action with other actions pending against Scottrade. Scottrade moved to dismiss the consolidated class action complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). (Duqum v. Scottrade, Inc., No. 4:15-cv-1537 (E.D. Mo. Feb. 19, 2016) at Doc. No. 58.) On July 12, 2016, the Eastern District of Missouri dismissed the consolidated complaint for lack of standing under Rule 12(b)(1). (Id. at Doc. No. 79.) The court did not reach the Rule 12(b)(6) issue. (Id.) In the order, the court stated that the complaint was dismissed without prejudice, (id.), but in its August 2, 2016, final judgment, the court stated that the complaint was dismissed with prejudice, (id. at Doc. No. 80). One of Hine's co-plaintiffs appealed the decision to the Eighth Circuit, but Hine did not join in that appeal.

On October 7, 2016, Hine filed a "substantively identical" class action complaint in San Diego Superior Court. (See Doc. Nos. 1; 9 at 7.) Scottrade removed the case to this court on November 11, 2016, pursuant to the Class Action Fairness Act ("CAFA"). (Doc. No. 1.) Five days later, Scottrade moved to dismiss the removed class action complaint under Rule 12(b)(6) based on the principles of res judicata. Five days after that, Hine moved to remand the case to San Diego Superior Court.

## DISCUSSION

### A. Legal Standards

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c). "The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016).

Indeed, a district court generally must remand the case to state court rather than dismiss it. Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997). While the Ninth Circuit has previously permitted district courts to dismiss a removed

case without remanding it back to state court if remand would be futile, see Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir. 1991), the court recently stated that its precedents permitting this practice have "been questioned, and may no longer be good law," Polo, 833 F.3d at 1197–98 (noting that although the United States Supreme Court has not explicitly rejected Bell's "futility doctrine," the Court has "take[n] note of 'the literal words of § 1447(c), which, on their face, give no discretion to dismiss rather than remand an action.'" (quoting Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 89 (1991)).

Even if the futility doctrine remains good law, however, "a district court must have absolute certainty that a state court would simply dismiss the action on remand. In other words, only when the eventual outcome of a case after remand is so clear as to be foreordained" has the Ninth Circuit held "that a district court may dismiss it—to prevent any further waste of valuable judicial time and resources." Id. at 1198 (internal citations and alterations omitted).

**B.     Analysis**

Both parties agree that, based on the Eastern District of Missouri's ruling, Hine does not have standing to pursue this claim in federal court unless and until the Eighth Circuit reverses that ruling. That means that this court does not have subject matter jurisdiction over the case. Thus, unless Bell's futility exception applies and allows this court to dismiss the case, the only other action it may take is to remand the case.

The court declines to apply Bell here. First, as noted above, the Ninth Circuit recently suggested that Bell is no longer good law. See Polo, 833 F.3d at 1197–98. But even more importantly, "it is far from clear that a state court would dismiss" Hine's claim here. Id. at 1198. There are legitimate issues surrounding the Eastern District of Missouri's decision, including which res judicata rules apply, whether a federal court's dismissal for lack of standing has a res judicata effect in state court under those rules, and how to reconcile the inconsistencies between the order and judgment. With those questions looming—which this court cannot assess or answer without subject matter

jurisdiction[1]—it cannot be said that the outcome upon remand "is so clear as to be foreordained." Consequently, the court must remand the case.

## CONCLUSION

For the reasons stated, the court grants Hine's motion and remands this case to San Diego Superior Court. And because the court does not have jurisdiction over this case, it denies Scottrade's motion to dismiss as moot. The court declines to award Hine attorneys' fees, however. Given the unusual issues and procedural posture involved, the court cannot say that Scottrade lacked an objectively reasonable basis for seeking removal under CAFA.

IT IS SO ORDERED.

DATED: January 13, 2017

_____
JEFFREY T. MILLER
United States District Judge

---

[1] Just as the court cannot delve into these issues without subject matter jurisdiction, it also cannot consider the propriety of a stay pending appeal, even if that may ultimately be the best course of action. That responsibility must fall to the state court. Scottrade's citation to In re Incretin-Based Therapies Prod. Liab. Litig., No. 13MD2452 AJB MDD, 2014 WL 5438546 (S.D. Cal. Oct. 23, 2014), does not persuade the court otherwise. For one thing, while the parties in that case disputed whether subject matter jurisdiction existed, id. at *1–2, there is no dispute that this court does not have subject matter jurisdiction over Hine's claims here. No matter how the Eighth Circuit rules on the appeal of Hine's co-plaintiff, the instant case is not properly before this court. Similarly, resolution of both questions before the district court in Incretin-Based Therapies "turn[ed] on" the issue on appeal. Id. at *3. Here, by contrast, if the Eighth Circuit affirms the Eastern District of Missouri, this court would still need to consider all the same issues that are discussed in this order.